IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN DAVID LILLY,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:19-cv-00189

COTY CRUM, *et al.*,

        Defendants.

**ORDER**

Plaintiff John David Lilly ("Plaintiff") brings this excessive force case pursuant to 42 U.S.C. § 1983 and West Virginia state law, alleging that he was unlawfully sprayed with pepper spray and beaten by Defendants Coty Crum and Zachary Lilly (collectively, "Defendants") while handcuffed in the back of a police cruiser. (ECF No. 1.) On June 20, 2019, Plaintiff issued a subpoena to the Logan County Sheriff's Department ("LCSD"), which employed Defendants at the time of the incident alleged in the complaint and which is not a party to this case. (ECF No. 14-1.) Plaintiff seeks information related to Defendants' employment with LCSD, including Defendants' personnel files, performance reviews, documentation of any disciplinary action, and related information. (ECF No. 14-2.) Before this Court is Defendants' motion to quash the subpoena. (ECF No. 17.)

Defendants characterize the subpoena to LCSD as a "fishing expedition" and argue that the subpoena seeks private personnel information and information that is not relevant to Plaintiff's claims for excessive force. (*Id.* at 3–6.) Plaintiff responds that Defendants have no standing to challenge the subpoena and that the requested information is relevant to his excessive force claims. (ECF No. 20 at 3–8.)

A. *Defendants' Standing to Challenge Subpoena*

Plaintiff argues that Defendants have no standing to challenge the subpoena because it was not issued to them and they have no privilege in the information sought. (*Id.* at 3–4.) "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005). An individual has a sufficient personal interest in his or her own personnel records as to permit him or her to intervene to prevent the disclosure of such records. *See, e.g.*, *EEOC v. Bojangles' Rests., Inc.*, No. 5:16-CV-654-BO, 2017 WL 2889493, at *3 (E.D.N.C. July 6, 2017); *Brown v. Mountainview Cutters, LLC*, No. 7:15-CV-00204, 2016 WL 3045349, at *2 (W.D. Va. May 27, 2016); *Solais v. Vesuvio's II Pizza & Grill, Inc.*, No. 1:15-CV-227, 2015 WL 6110859, at *14 (M.D.N.C. Oct. 16, 2015); *Kohari v. Jessie*, No. , 2014 WL 1338558, at *2 (S.D.W. Va. Apr. 3, 2014); *Litten v. Quicken Loans, Inc.*, No. 1:13-cv-192, 2014 WL 12844182, at *4 (N.D.W. Va. Feb. 19, 2014); *Robinson v. Quicken Loans, Inc.*, No. 3:12-cv-00981, 2012 WL 6045836, at *2 (S.D.W. Va. Dec. 5, 2012); *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 239–40 (E.D. Va. 2012). Thus, Plaintiff's argument that Defendants lack standing to challenge the subpoena is without merit.

B. *Relevance of Requested Information*

Defendants argue that the information sought by the subpoena is not relevant to Plaintiff's excessive force claims. (ECF No. 17 at 4, 6.) Plaintiff responds that other "complaints of excessive force against Defendants (and any resulting investigations and/or discipline) [are] relevant and discoverable" and admissible at trial in an excessive force case. (ECF No. 20 at 7.) Indeed, when a plaintiff alleges that he is a victim of excessive force at the hands of an officer, similar complaints of excessive force against

that same officer bear on the plaintiff's allegations. *See, e.g.*, *Buskirk v. Wiles*, No. 3:15-cv-03503, 2016 WL 7118288, at *10 (S.D.W. Va. Dec. 6, 2016) (ordering production of "performance reviews, citations/commendations, reprimands, or disciplinary actions for any improper use of force"); *Gemaehlich v. Johnson*, No. 7:12-cv-263, 2013 WL 1249037, at *4 (W.D. Va. Mar. 26, 2013) (ordering production of similar complaints of excessive force); *Hackett v. Lusk*, No. 3:10-cv-00781, 2011 WL 13232151, at *3 (S.D.W. Va. May 11, 2011) (ordering production of "personnel files of officers in the department, as well as complaints pertaining to issues of excessive force" as relevant to negligent hiring, training, and supervision claims against police department (internal footnote omitted)); *Wolfe v. Green*, 257 F.R.D. 109, 113 (S.D.W. Va. 2009) ("Thus, since 2003 it has been the law of this District, in § 1983 cases, that police officers' personnel files and internal affairs files will be disclosed to plaintiffs' counsel, with appropriate protections."). Accordingly, to the extent the subpoena requests information relating to complaints of excessive force against Defendants that are similar to the allegations in Plaintiff's complaint—that is, complaints that Defendants unlawfully used pepper spray or beat handcuffed individuals in a police cruiser—Plaintiff is entitled to that information. For each item in the subpoena, LCSD is **ORDERED** to produce information related to any such complaints made within the two years preceding the incident involving Plaintiff.

However, to the extent the subpoena seeks information beyond any factually similar complaints of excessive force against Defendants that were made within the two years prior to the incident alleged in Plaintiff's complaint, such information is of limited relevance to Plaintiff's allegations. *See Gemaelich*, 2013 WL 1249037, at *4 (explaining that relevance of evidence increases when it is factually similar and temporally close to act being proved). Plaintiff is not entitled to such information.

For the foregoing reasons, Defendants' motion to quash (ECF No. 17) is **GRANTED IN PART** and **DENIED IN PART**. LCSD is **ORDERED** to respond to the subpoena as set out herein within thirty (30) days of the date of this Order.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 17, 2019

Dwane L. Tinsley
United States Magistrate Judge