```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

JOHN DAVID LILLY,

    Plaintiff,

v.                                  Civil Action No. 2:19-cv-00189

COTY CRUM, Individually as a
member of the Logan County
Sheriff's Department, and
ZACHARY LILLY, Individually as
a member of the Logan County
Sheriff's Department,

    Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is "Plaintiff's Omnibus Motions in Limine," filed January 13, 2020.

Plaintiff filed 17 motions in limine to exclude certain testimony, evidence, reference, or argument at trial. See ECF No. 55. Defendants filed a response on May 11, 2020, see ECF No. 69, to which plaintiff filed a reply on May 22, 2020. See ECF No. 72.

A. **Plaintiff's Motion Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12**

As indicated during the pretrial conference held by the court on June 19, 2020 and in defendants' response to plaintiff's motions, defendants do not object to Plaintiff's

Motions Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12.  Inasmuch as defendants have agreed that the court should grant these motions, it is ORDERED that these motions be, and they hereby are, granted.

   B. Plaintiff's Motion No. 1

       Plaintiff's Motion No. 1 seeks to preclude evidence that he has failed to call a potential witness to testify "unless the court first specifically finds that: (1) such witness possessed material evidence which was not cumulative; (2) such witness was not equally available to Defendants; (3) the Plaintiff was not otherwise justified in declining to call the witness; and (4) under all of the relevant facts and circumstances, a reasonable basis exists to support an inference that such witness would have testified adversely to Plaintiff."  ECF No. 55 at 1.  Plaintiff also requests that the court instruct defense counsel "not to tender, read from, or refer to any ex parte statement or report of any person not then and there present in court to testify and to be cross-examined" and "not to suggest to the jury by argument or otherwise what would have been the testimony of any witness not called to testify."  Id.  Defendants argue that this is a decision to be made during trial based upon the appropriate factors to be assessed by the court at that time.

"The unjustified failure of a party in a civil case to call an available material witness may, if the trier of the facts so finds, give rise to an inference that the testimony of the 'missing' witness would, if he or she had been called, have been adverse to the party failing to call such witness." Syl. Pt. 3, McGlone v. Superior Trucking Co., 363 S.E.2d 736, 738 (W. Va. 1987). "Where a party fails to call an available material witness, a proper instruction would state that the jury may draw the inference that the witness, if he or she had been called, could not have testified in support of the party's case, if the jury finds such inference to be warranted by the situation presented." Id. at 743. However, the court has discretion "to permit counsel in argument before the jury to comment on the fact that the other party has not called and examined a material witness summoned on his behalf and present, and to ask such question as may be proper to lay the foundation for such comment." Id. at 743 n.8 (quoting Syl. Pt. 8, Robinson v. Woodford, 16 S.E. 602 (W. Va. 1892)).

Inasmuch as the court can resolve this objection as it arises at trial, it is ORDERED that Plaintiff's Motion No. 1 be, and it hereby is, denied without prejudice. It is further ORDERED that there be no argument or evidence on the matter

unless the party or parties first requests permission of the court to do so and is given such permission by the court.

C. <u>Plaintiff's Motion No. 13</u>

Plaintiff's Motion No. 13 relates to excluding his alleged history of drug and/or alcohol use (not including on the night in question).  Plaintiff argues that any such evidence is inflammatory, not relevant, and will confuse the issues, mislead the jury, and/or unfairly prejudice him.  <u>See</u> Fed. R. Evid. 401-403.  Defendants argue that plaintiff's history of drug use may be properly admitted at trial and that "such a ruling should be made upon the presentation of such evidence at trial."  ECF No. 69 at 2.

After due consideration and based on the parties' agreement during the pretrial conference, it is ORDERED that Plaintiff's Motion No. 13 be, and it hereby is, granted insofar as plaintiff's condition on the night in question may be the subject of evidence, but defendants must refrain from offering testimony regarding plaintiff's past history of drug and/or alcohol use unless permission is first requested of the court to do so and such permission is granted by the court.

D. **Plaintiff's Motion No. 14**

Next, plaintiff seeks to preclude the introduction of any evidence regarding his work history (or lack thereof). Plaintiff argues that his work history is irrelevant to the present case, and that allowing defendants to elicit (or try to elicit) any such testimony is inflammatory and will unduly prejudice plaintiff. See Fed. R. Evid. 401-403. Inasmuch as the court can resolve this objection as it arises at trial, it is ORDERED that this motion in limine be, and it hereby is, denied without prejudice. It is further ORDERED that defendants may not introduce evidence of plaintiff's work history unless permission is first requested of the court to do so and such permission is granted by the court.

E. **Plaintiff's Motion No. 15**

Plaintiff's Motion No. 15 seeks to preclude improper opinion testimony or argument from defendants regarding the medical cause of plaintiff's injuries. Specifically, plaintiff believes that lay witnesses cannot testify as to whether plaintiff's injuries were caused by the "hip toss" maneuver described by defendant Coty Crum ("Deputy Crum") because any such biomechanical and/or medical causation testimony would require an expert opinion under Rules 701 and 702 of the Federal Rules of Evidence. Plaintiff also asserts that such testimony

5

amounts to speculation and would confuse the issues, mislead the jury, and/or cause plaintiff unfair prejudice.  See Fed. R. Evid. 403.

In response, defendants argue that Deputy Crum should be allowed to testify as to how he brought plaintiff the ground, which goes directly to whether and how plaintiff was injured. Testimony regarding how plaintiff landed and how Deputy Crum landed on top of plaintiff would be based on Deputy Crum's own perception of the events.

The court agrees that Deputy Crum may testify about events rationally based on his own perception.  However, he was not disclosed as an expert in this case and defendants have not shown that he has scientific, technical, or other specialized knowledge to opine about whether a "hip toss" maneuver would cause certain injuries.  See Fed. R. Evid. 701(c) ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is . . . (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.").  Accordingly, it is ORDERED that Plaintiff's Motion No. 15 be, and it hereby is, granted insofar as Deputy Crum, as a lay witness, may not offer a medical opinion regarding the cause of plaintiff's injury, and denied

insofar as Deputy Crum may testify about events rationally based on his own perception.

### F. Plaintiff's Motion No. 16

Plaintiff's Motion No. 16 argues that defendants may not testify or argue that plaintiff's injuries occurred prior to his arrest by defendants because there is no evidence in the record to support this assertion. Thus, any suggestion on this issue would be pure speculation, inflammatory, confusing to the jury, and unfairly prejudice plaintiff. See Fed. R. Evid. 401-403. Defendants argue that it may be relevant to question plaintiff as to the sources of his injuries other than the take-down maneuver used by Deputy Crum.

Inasmuch as the court will be expected to resolve this issue if it arises when hearing evidence at trial, it is ORDERED that this motion in limine be, and it hereby is, denied without prejudice. It is further ORDERED that the defendants refrain from referring to plaintiff's pre-existing injuries unless permission is first requested of the court to do so and such permission is granted by the court.

### G. Plaintiff's Motion No. 17

Finally, plaintiff argues that defendants must refrain from introducing testimony or argument regarding the criminal

7

charges brought against plaintiff stemming from his arrest by defendants, other than the disorderly conduct charge to which he pled guilty.  Because the State of West Virginia dropped all other charges against plaintiff in exchange for a guilty plea for disorderly conduct, plaintiff believes that the unproven and dismissed charges are irrelevant and will confuse the issues, mislead the jury, and/or unfairly prejudice plaintiff.  See Fed. R. Evid. 401-403.  Based on the foregoing, it is ORDERED that Plaintiff's Motion No. 17 be, and it hereby is, granted insofar as it relates to criminal charges brought against plaintiff stemming from his arrest by defendants, other than the disorderly conduct charge, unless defendants provide some reason to present the other charges that is first the subject of a request of the court and permission to use it is given by the court.

At the pretrial conference, however, defense counsel indicated for the first time that plaintiff was subsequently arrested on a separate charge and remains in custody.  The court noted that a decision on this recent arrest may depend on future development regarding plaintiff's incarceration.  Accordingly, it is further ORDERED that the defendants refrain from referring to plaintiff's recent arrest unless first obtaining permission of the court to do so.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: July 29, 2020

John T. Copenhaver, Jr.
Senior United States District Judge

9